Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 124 | **DATE** | 6/16/2003 |
| **CASE TITLE** | Fyrnetics (Hong Kong) Ltd vs. Quantum Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Quantum Group's Motion to Dismiss or Stay Based on an Arbitration Agreement

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons given in the attached opinion, Defendant Quantum Group's Motion to Dismiss or Stay Based on an Arbitration Agreement [Doc. # 7] is granted and Fyrnetics (Hong Kong)'s complaint is dismissed. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

FYRNETICS (HONG KONG) LTD., )
) No. 03 C 124
    Plaintiff, )
) HONORABLE DAVID H. COAR
v. )
)
QUANTUM GROUP, INC. )
) JUN 17 2003
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the motion of Defendant Quantum Group ("Defendant" or "Quantum") to dismiss the case or, in the alternative, to stay the case pending arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3. Plaintiff Fyrnetics (Hong Kong), Ltd. ("Plaintiff" or "FHK") have had an opportunity to respond to the motion, and it is now ripe for decision.

## BACKGROUND

Quantum is a California-based corporation that manufactures patented carbon monoxide sensors for use in carbon monoxide detectors. In June 1996, Quantum entered into a License Agreement with Fyrnetics, an Illinois corporation. The License Agreement gave Fyrnetics the right to employ Quantum's patented carbon monoxide sensor technology in the production and sale of carbon monoxide detectors. The License Agreement also permitted Fyrnetics to sublicense these rights to its "affiliates," which the Agreement defines as entities with common control or common ownership with Fyrnetics.

1

Fyrnetics is a distinct corporate entity from the Plaintiff, FHK. FHK manufactures carbon monoxide detectors using Quantum's patented sensors. At all pertinent times, FHK and Fyrnetics, which eventually merged into a separate corporation called Kidde, operated under common ownership. The License Agreement between the parties required disputes arising from the agreement between Quantum, Fyrnetics or any of Fyrnetics' sublicensees to be submitted to arbitration.

This is not the first time that these parties have met in court in the Northern District of Illinois. The first lawsuit in this court between these parties was filed in 1999. After an evidentiary hearing, the complaint was dismissed on the finding that the dispute was subject to the mandatory arbitration provision of the License Agreement. See Fyrnetics (Hong Kong) Ltd. v. Quantum Group, Inc., No. 99 C 4704, 2000 U.S. Dist. LEXIS 11447 (N.D. Ill. Aug. 10, 2000). FHK and Kidde were both parties to that lawsuit, and both appealed the determination that they were bound by the License Agreement. The Seventh Circuit affirmed the District Court as it related to Kidde, holding that Kidde is bound by the License Agreement as the successor to Fyrnetics. See Fyrnetics (Hong Kong) Ltd v. Quantum Group, Inc., 293 F.3d 1023, 1029 (7th Cir. 2002). As to FHK, though, the Seventh Circuit remanded the case for further hearings to determine whether FHK was bound by the License Agreement. Id.

When the case returned to the district court, a second evidentiary hearing was held. After the hearing, the court determined: (1) FHK was manufacturing carbon monoxide detectors with Quantum's patented technology as a sublicensee of Fyrnetics/Kidde; and (2) as a sublicensee, FHK is bound by the arbitration provision of

the License Agreement. See Fyrnetics (Hong Kong) Ltd v. Quantum Group, Inc., No. 99 C 4074, 2003 U.S. Dist. LEXIS 928, at *7 (N.D. Ill., Jan. 14, 2003).

The underlying complaint in both the previous litigation and the instant case consists of allegations that Quantum's carbon monoxide sensors were defective. The complaint in this case has two counts: (1) a products liability count alleging defective designed and manufacture, unreasonably dangerous product, and failure to warn; and (2) breach of warranty.

## DISCUSSION

The decision on this motion turns on the interpretation of the License Agreement that was originally entered into between Quantum and Fyrnetics. If FHK was operating as a sublicensee to that agreement, it is bound by the terms and conditions of the agreement, including the arbitration clause.

As discussed briefly above, whether FHK was a sublicensee of Fyrnetics was recently decided in this district in litigation between the same parties. Fyrnetics (Hong Kong) Ltd v. Quantum Group, Inc., No. 99 C 4074, 2003 U.S. Dist. LEXIS 928 (N.D. Ill., Jan. 14, 2003). After conducting two evidentiary hearings, the court determined that FHK was a sublicensee of Fyrnetics/Kidde and was therefore bound to arbitrate the dispute by the License Agreement. Fyrnetics (Hong Kong) Ltd v. Quantum Group, Inc., No. 99 C 4074, 2003 U.S. Dist. LEXIS 928, at *7 (N.D. Ill., Jan. 14, 2003). Rightly, Quantum seeks to apply the doctrine of collateral estoppel to preclude litigation of the same issue in the instant case.

For collateral estoppel to preclude the litigation of an issue, the previous litigation must meet the following four requirements: (1) the issue must be the same as the issue in the present litigation; (2) the issue must have been actually litigated; (3) the issue must have been essential to the final judgment; and (4) the party who is precluded from litigating the issue must have been fully represented in the prior action. Adair v. Sherman, 230 F.3d 890, 893 (7th Cir. 2000).

The issue Defendant's motion presents is whether FHK is required to submit this dispute to arbitration under the License Agreement originally entered into between Fyrnetics and Quantum. This issue has been before Judge Kennelly twice. Judge Kennelly's second opinion, on remand from the Seventh Circuit, was limited to "the issue [of] whether plaintiff Fyrnetics (Hong Kong) Limited (FHK) is bound by the arbitration provision." Fyrnetics (Hong Kong) Ltd v. Quantum Group, Inc., No. 99 C 4704, 2003 U.S. Dist. LEXIS 928, at *2 (N.D. Ill., Jan. 14, 2003). The issue is identical to the issue in the previous litigation, so the first requirement of collateral estoppel is satisfied.

The second requirement of collateral estoppel is that the issue must have been actually litigated. The issue was actually litigated before Judge Kennelly in the above cited case. He held two separate evidentiary hearings where evidence was presented relevant to this issue. The issue was clearly and fairly litigated in the previous case, so the second requirement of collateral estoppel is satisfied.

The third and fourth elements of collateral estoppel are also clearly met in this case. The issue was doubtlessly essential to the judgment in the previous litigation, as it was the only issue decided on remand. Fyrnetics (Hong Kong) Ltd v. Quantum Group,

Inc., No. 99 C 4704, 2003 U.S. Dist. LEXIS 928, at *2 (N.D. Ill., Jan. 14, 2003). This satisfies the third requirement of collateral estoppel. The final element requires the party against whom preclusion is sought to have been represented in the previous litigation. FHK has been (and continues to be) well-represented throughout the litigation in the previous case by the same attorneys who represent them here. This satisfies the fourth requirement of collateral estoppel.

With all the requirements of collateral estoppel clearly met, FHK offers very weak resistance to the application of this doctrine. Their first argument is that the Seventh Circuit has not held that FHK is bound by the License Agreement. While this is a true statement of fact, the District Court clearly reached the conclusion that FHK is bound by the License Agreement after the remand. See Fyrnetics (Hong Kong) Ltd., 2003 U.S. Dist. LEXIS 928, at *6 –*13. It is the judgment of the District Court, not the Seventh Circuit, that precludes litigation of the issue here.

FHK's next argument is that they are appealing the District Court's decision and it "expects Judge Kennelly's second decision will be reversed on appeal . . . ." (Pl. Resp. Mot. Dismiss at 2.) The Court will not reach conclusions of law based upon the subjective expectation of one of the parties that an adverse judgment in previous litigation will be reversed. "A final judgment in federal court can be the basis for claim preclusion despite the fact that an appeal is pending[.]" 18 Moore's Federal Practice § 131.30 (2)(c)(ii) (2003). The Seventh Circuit adheres to this rule, so pending appeals will not suspend the operation of the judgment for collateral estoppel purposes. See Prymer v. Ogden, 29 F.3d 1208, 1213 n.2 (7th Cir. 1994) (adhering "to the general rule in American

jurisprudence that a final judgment of a court of first instance can be given collateral estoppel effect even while an appeal is pending") (citing Williams v. C.I.R., 1 F.3d 502, 504 (7th Cir. 1993)).

FHK's remaining arguments attempt to revive certain aspects of the District Court's determination in the previous litigation between the parties. The principal contention is that the claims between FHK and Quantum in this litigation are not based on the License Agreement, but rather based on the purchase orders that FHK and Quantum used to sell the carbon monoxide sensors. Judge Kennelly rejected this position as being "entirely without merit." See Fyrnetics (Hong Kong) Ltd., 2003 U.S. Dist. LEXIS 928, at *13. The court in the previous litigation determined that the purchase orders exchanged between the parties were exchanged pursuant to the License Agreement. Id. Therefore, any dispute arising from the purchase orders must be submitted to arbitration. Id. This sounds remarkably similar to Kidde's argument that claims were not arising from the License Agreement because they are tort claims; the Seventh Circuit rejected this contention out of hand. See Fyrnetics (Hong Kong) Ltd., 293 F.3d at 1030 ("It is nonsensical for Kidde to argue that its claims are not arising 'in connection with the license agreement.'").

This case is like a bad rerun. The parties are the same. The issues are the same. The result is the same. Applying the doctrine of collateral estoppel, this Court finds that the judgment of the District Court in the previous litigation is determinative of the only issue this motion presents: FHK is bound by the License Agreement and must therefore submit this dispute to arbitration. Since the arbitration clause provides for arbitration to

proceed in San Diego, California, this Court will dismiss the action, rather than stay the litigation pending arbitration.

## CONCLUSION

For the reasons set forth above, Defendant Quantum Group, Inc.'s Motion to Dismiss or Stay Based on an Arbitration Agreement is granted. The complaint is dismissed.

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: June 16, 2003**